IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRAVIS JOHNSON,

    Petitioner,

v.                                  Civil Action No. 1:04CV111
                                        (STAMP)

KEVIN WENDT, Warden,

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

On June 1, 2004, <u>pro se</u> petitioner, Travis Johnson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

On April 11, 2005, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his § 2241 petition, petitioner contends that the Federal Bureau of Prisons ("BOP") miscalculated his good conduct time ("GCT"). He claims that he is entitled to 846 days, rather than 690 days, as calculated by the BOP. He asserts that the BOP is calculating his GCT on the basis of time served rather than the sentence imposed, and the use of this method provides 47 days of GCT each year, rather than 54 days.

In his report, the magistrate judge first noted that the petitioner has not exhausted his administrative remedies. However, he concluded that this does not bar the petition, as other courts have found that requiring inmates to challenge the BOP's policy regarding the calculation of GCT through the administrative process is futile. Thus, the magistrate judge proceeded to consider the petition on its merits.

After reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT. The magistrate judge found that the majority of courts have held that

2

the BOP has properly interpreted the statute to award 54 days of GCT for each year of <u>time served</u>, rather than the sentence imposed, and to prorate the amount of GCT for the last partial year. See 28 C.F.R. § 523.20. The magistrate judge agreed with the majority that the BOP's interpretation applies the statute as written and is entitled to deference. Finally, he found that the rule of lenity does not apply because the applicable statute, 18 U.S.C. § 3624(b),[1] is not ambiguous when viewed in its entirety.

Based on this analysis, the magistrate judge concluded that the BOP correctly calculated the petitioner's sentence and the petitioner is not entitled to relief. Thus, he recommended that the § 2241 petition be denied.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED

---

[1] Title 18, United States Code, Section 3624(b) states, in pertinent part:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . .

18 U.S.C. § 3624(b).

and ADOPTED in its entirety.  Accordingly, for the reasons stated above, petitioner's § 2241 petition is hereby DENIED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     April 29, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE